United States District Court
Southern District of Texas

**ENTERED**

September 20, 2024

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U.S. DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:24-CV-03480 |
| DINAR IUNUSOV, | § § | |
| Defendant. | § § | |

## **ORDER**

On September 17, 2024, Plaintiff U.S. Department of Homeland Security, Immigration and Customs Enforcement ("Plaintiff") filed a Complaint (Doc. #1) and Ex Parte Motion for Emergency Temporary Restraining Order (the "Motion") (Doc. #2) to allow Plaintiff to immediately perform involuntary medical examinations on Defendant Dinar Iunusov ("Defendant").  The Motion is supported by the declarations of ICE Assistant Field Office Director Fernando Nieto ("Nieto") and Defendant's treating physician, Dr. Alisha Wren ("Dr. Wren").  Doc. #2, Exs. 1, 2.  According to those declarations, Defendant has been classified as being on a hunger strike since on or about August 29, 2024.  Doc. #2, Ex. 2 ¶ 7.  Defendant is at risk of suffering severe injuries or death as a result of his hunger strike.  In Dr. Wren's medical opinion, involuntary medical monitoring is "medically necessary to preserve and sustain Iunusov's health, welfare, medical safety, and life."  *Id.* ¶ 25.

Plaintiff is requesting an order allowing medical professionals to (1) perform physical evaluations on Defendant, take his vital signs, and perform laboratory testing; and (2) restrain

Defendant, if necessary, to accomplish these procedures, in order to prevent injury, organ failure, and/or death due to his self-imposed hunger strike. Doc. #2 at 5. Plaintiff has represented that delaying this proceeding to serve the Defendant and allow him to respond would delay needed medical attention. *Id.*

The Court finds that Plaintiff is likely to succeed in showing that its interests in preserving life and discharging its duties to care for those in its custody outweigh any interest Defendant might have in expressing himself through a hunger strike. *See, e.g.*, *Grand Jury Subpoena John Doe v. United States*, 150 F.3d 170, 172 (2d Cir. 1998) (per curiam) (holding that force-feeding detainee on hunger strike does not violate his constitutional rights as "the preservation of life, prevention of suicide, and enforcement of prison security, order, and discipline, outweigh the constitutional rights asserted by" the detainee); *In re Soliman*, 134 F. Supp. 2d 1238, 1253–58 (N.D. Ala. 2001) (same). The Court also concludes that the other requirements for a temporary restraining order are met—there is a likelihood of irreparable harm, the balance of hardships tips in favor of Plaintiff, and public policy favors preserving Defendant's life and health.

For the foregoing reasons, the Court GRANTS Plaintiff's Motion. Doc. #2. It is hereby ORDERED that:

Competent medical professionals may: (1) perform necessary physical evaluations on Defendant, take his vital signs, and perform necessary laboratory testing; and (2) restrain Defendant, if necessary, to accomplish these procedures, in order to prevent injury, organ failure, and/or death due to his self-imposed hunger strike.

The Court will enter a separate Notice of Setting scheduling a status conference to check in regarding Defendant's medical evaluations.

It is so ORDERED.

September 20, 2024
_____

Date

_____

The Honorable Alfred H. Bennett
United States District Judge